

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3926
Re: Is the Comptroller of the
State of Texas authorized
to issue warrants in pay-
ment of claims of court
reporter for preparing
statement of facts at the
request of the State through
its Assistant Attorney Gener-
al in perfecting an appeal in
behalf of the Railroad Com-
mission of Texas on the basis
of fifteen cents per 100
words?

Your request for an opinion regarding the above
stated question has been received by this department.

Your request for this opinion first came to this
department in your letter of August 28, 1941, in which you
questioned the claim of Mr. Roy J. McLean, Court Reporter,
for daily copy of transcript of testimony in Cause No. 64,899,
E. C. MARRS, ET AL V. RAILROAD COMMISSION OF TEXAS, ET AL.
Since receiving your letter of August 28th, and by your letter
of September 16, 1941, you withdrew your request for an opinion
with reference to Mr. McLean's statement and substituted in the
place of Mr. McLean the account of Mr. Harry L. Wear, Court Re-
porter, for preparing statement of facts in Cause No. 64,946,
CONTINENTAL OIL COMPANY V. RAILROAD COMMISSION OF TEXAS, ET AL,
dated August 6, 1941, upon which the basis of the charge was
fifteen ($0.15) cents per folio for 100 words or an aggregate
figure of $550.00.

In your first letter above mentioned, you call the
attention of this department to the provisions of Section 33,
Article XVI of the State Constitution, and also Articles 2324,
2325, 2326, and 2326a, of the Revised Statutes of this State.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We quote from your letter of August 28th as follows:

"The question has been presented to this Department as to whether the Comptroller would be authorized to issue warrant in payment of this claim since R. J. McLean, Court Reporter, is an official of the State of Texas and that he would be prohibited from drawing this fee under Section 33, Article 16 of the State Constitution. The further question has arisen, even though he is authorized to draw compensation for this service as to whether he could draw pay for carbon copies of testimony and for preparing index as listed in this claim. In this particular I call your attention to Articles 2324, 2325, 2326 and 2326a."

Inasmuch as the claim filed by Mr. Wear represents fees of office for services performed in the perfection of an appeal from the trial court to the Court of Civil Appeals for the Railroad Commission of Texas at the request of the Attorney General's Department of the State of Texas, you are advised that Articles 2324, 2325, 2326 and 2326a provide for the duties and compensation as well as the method of appointment of the official court reporters and we find no discrepancies between the fees therein provided for and the fees charged by Mr. Wear; since no other discrepancy of any nature, in conflict with the statutes mentioned, has been pointed out by you to this department, we are of the opinion that the articles mentioned need not be considered in this opinion insofar as it applies to Mr. Wear and his statement of account.

Section 33 of Article XVI of the State Constitution of the State of Texas reads, in part, as follows:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other officer or position of honor, trust or profit, under this State, or the United States, except as prescribed in this Constitution.* * *"

You do not advise this department that Mr. Wear holds "any other office or position of honor, trust or profit, under this State or the United States." It is apparent from the facts which you have presented, including the statement of Mr. Wear,

that he was acting only in his capacity as official Court Reporter of the 126th Judicial District Court of Travis County, Texas, and the fees which he has charged and presented his bill for are those provided for by the Statutes of this State.

The official court reporter of a district court is an official of the State, Duhn, et al v. Allen, et al, 63 S. W. (2d) 857.

It appearing that Mr. Wear has rendered his bill for compensation as provided for by the Statutes of this State as the official Court Reporter of the 126th Judicial District Court of Travis County, Texas; it further appearing that there has been no departure from the process provided by law for the fixing and charging of these fees, and it further not appearing that such court reporter holds at the same time "any other office or position of honor, trust or profit, under this State or the United States," it is the opinion of this department that your payment of the account rendered by Mr. Wear will not be in violation of Section 33 of Article XVI of the Constitution of this State. It also is the opinion of this department that such account should be paid.

Trusting that the foregoing has answered your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Henry D. Lauderdale
Henry D. Lauderdale
Assistant

HDL:EP

APPROVED SEP. 20, 1941
(S) Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN